MICHELE BECKWITH
Acting United States Attorney
JOSEPH D. BARTON
HENRY Z. CARBAJAL III
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
Jan 30, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID HARDCASTLE, <br><br> Defendant. | CASE NO. 1:25-cr-00016-JLT-SKO <br><br> 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud (Six Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

INDICTMENT

COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

The Grand Jury charges:

DAVID HARDCASTLE,

defendant herein, as follows:

## I. INTRODUCTION

1. At all relevant times, defendant HARDCASTLE resided in Fresno County, State and Eastern District of California.

2. At all relevant times, defendant HARDCASTLE and his business partner, Andrew Adler, owned and controlled the special purpose entity Startop Investments LLC ("Startop"), which operated in

INDICTMENT 1

Fresno County, State and Eastern District of California, and elsewhere. A special purpose entity is a legal entity that is formed to accomplish a specific task or project while limiting financial risk to its principals.

3. Bitwise Industries was a start-up, technology company headquartered in Fresno County, State and Eastern District of California.

## II.   CONSPIRACY

4. Beginning on a date unknown to the Grand Jury, but not later than on or about December 2022, and continuing at least until on or about May 2023, in Fresno County, State and Eastern District of California, and elsewhere, defendant HARDCASTLE and Andrew Adler did knowingly conspire, combine, and confederate with each other to cause writings, signs, signals, pictures, and sounds to be transmitted by means of wire and radio communications in interstate commerce, for the purpose of executing a material scheme and artifice to defraud participants in loans made to Bitwise through Startop, and to obtain money and property from the participants, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343.

## III.   MANNER AND MEANS

5. During the above-described time period, defendant HARDCASTLE and Andrew Adler conspired to defraud participants, and caused money and property to be obtained from participants, by the following manner, means, and acts, among others:

6. Defendant HARDCASTLE and Andrew Adler agreed to use Startop to make multiple loans to Bitwise totaling over $20,000,000. They primarily funded the loans by syndicating them to other participants.

7. In doing so, defendant HARDCASTLE and Andrew Adler altered the original loan documents to make it appear as though Bitwise was obligated to pay participants approximately two percent in monthly interest, or twenty-four percent in annual interest, for the loans when, in fact, Bitwise was obligated to pay approximately five percent in monthly interest, or sixty percent in annual interest.

8. Defendant HARDCASTLE and Andrew Adler then provided the altered loan documents to the participants, which falsely and fraudulently represented to the participants that Bitwise was obligated to pay significantly lower interest rates for the loans than they were actually obligated to pay.

They also conveyed these false and fraudulent representations to the participants in calls, text messages, emails, and data sharing platforms such as Dropbox, among other methods. They did so to make the loans appear less risky and therefore more appealing to the participants.

9. The false and fraudulent representations that defendant HARDCASTLE and Andrew Adler made to the participants about the interest rates were important to the participants. Many of the participants would not have participated in the loans, or would have participated on significantly different terms, had they known the true interest rates that Bitwise was obligated to pay in connection with the loans.

10. Defendant HARDCASTLE and Andrew Adler received tens of thousands of dollars in origination fees for the loans, and would have made millions more in secret profits from the higher, undisclosed interest rates had Bitwise fully repaid the loans. Moreover, one of the loans to Bitwise included a secure interest reserve of approximately $700,000. The participants were not informed of, and were unaware of, this reserve. Defendant HARDCASTLE and Andrew Adler then used these reserve funds to make an unrelated investment in another company that they operated without the participants' authorization and the money was not available to repay the participants when Bitwise collapsed. Generally speaking, secure interest reserves are disclosed to loan participants and are supposed to help protect the participants in the event the borrower does not repay the loan on schedule.

11. Defendant HARDCASTLE and Andrew Adler carried out their scheme and artifice to defraud by communicating with each other through calls and text messages, among other methods. Many of the calls and text messages were made while Andrew Adler was located outside of California and Defendant HARDCASTLE was located in Fresno County, State and Eastern District of California. The loans to Bitwise were also funded, at least in part, by interstate wire transfers that originated from outside California and were deposited into Bitwise's bank accounts opened in Fresno County, State and Eastern District of California.

12. Importantly, Bitwise collapsed in May 2023 without repaying the loans, and the participants lost nearly all of their money.

13. At all relevant times, defendant HARDCASTLE and Andrew Adler acted with the intent to defraud, which is the intent to deceive and cheat.

14. As a result of defendant HARDCASTLE and Andrew Adler's misconduct, participants lost millions of dollars.

All in violation of 18 U.S.C. § 1349.

COUNTS TWO THROUGH SIX: [18 U.S.C. § 1343 –Wire Fraud]

The Grand Jury further charges:

DAVID HARDCASTLE,

defendant herein, as follows:

15. Paragraphs 1 through 3 and 5 through 14 are hereby incorporated by reference as though fully set forth herein.

16. Beginning on a date unknown to the Grand Jury, but not later than on or about December 2022, and continuing at least until on or about May 2023, in Fresno County, State and Eastern District of California, and elsewhere, defendant HARDCASTLE and Andrew Adler, knowingly devised, intended to devise, participated in, and executed a material scheme and artifice to defraud participants in loans made to Bitwise through Startop, and to obtain money and property from the participants, by means of materially false and fraudulent pretenses, representations, and promises.

17. On or about the dates set forth below, in Fresno County, State and Eastern District of California, and elsewhere, defendant HARDCASTLE and Andrew Adler, for the purpose of executing their scheme and artifice to defraud, caused to be transmitted, by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds as follows:

///
///
///
///
///
///
///
///
///

INDICTMENT

4

| Count | Date | Description |
|---|---|---|
| TWO | 01/17/2023 | Wire transmission of monies in the amount of $2,500,000, originating from bank account ending – 0903 opened outside of California, and sent to Bitwise's bank account ending – 2738 opened in Fresno County, State and Eastern District of California |
| THREE | 01/18/2023 | Wire transmission of monies in the amount of $376,000, originating from bank account ending – 0903 opened outside of California, and sent to Bitwise's bank account ending – 2738 opened in Fresno County, State and Eastern District of California |
| FOUR | 01/31/2023 | Wire transmission of monies in the amount of $6,720,000, originating from bank account ending – 0903 opened outside of California, and sent to Bitwise's bank account ending – 2738 opened in Fresno County, State and Eastern District of California |
| FIVE | 03/15/2023 | Wire transmission of monies in the amount of $2,750,000, originating from bank account ending – 2523 opened outside of California, and sent to Bitwise's bank account ending – 2738 opened in Fresno County, State and Eastern District of California |
| SIX | 03/16/2023 | Wire transmission of monies in the amount of $3,132,172, originating from bank account ending – 0903 opened outside of California, and sent to Bitwise's bank account ending – 2738 opened in Fresno County, State and Eastern District of California |

All in violation of 18 U.S.C. § 1343.

FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

17. Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment, defendant DAVID HARDCASTLE shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to said violations, including, but not limited to, the following:

    a.    a sum of money equal to the amount of money that constitutes or is derived from proceeds traceable to the offenses for which the defendant is convicted.

18. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Six of this Indictment for which defendant DAVID HARDCASTLE is convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property that cannot be divided without difficulty;

the United States intends, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

                                                                  A TRUE BILL.
                                                                  /s/ Signature on file w/AUSA
                                                             FOREPERSON

MICHELE BECKWITH
Acting United States Attorney

**KIMBERLY A. SANCHEZ**

KIMBERLY A. SANCHEZ,
Assistant United States Attorney
Chief, Fresno Office

INDICTMENT                           6