Jeffrey T. Hammerschmidt, #131113
**HAMMERSCHMIDT LAW CORPORATION**
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, DAVID HARDCASTLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>DAVID HARDCASTLE,<br><br>  Defendant | Case No.: 1:25-CR-00016-JLT-SKO<br><br>**MOTION FOR MODIFICATION OF BAIL CONDITIONS**<br><br>Date: July 3, 2025<br>Time: 2:00 p.m.<br>Judge: McAuliffe |

David Hardcastle by and through undersigned counsel, hereby files his Motion for Modification of Bail Conditions pursuant to 18 U.S.C. § 3142(b) and pursuant to Local Rule 429. In support of this Motion, Hardcastle submits the following:

### INTRODUCTION

Hardcastle was arrested in the Eastern District of California charged with conspiracy to commit wire fraud and six counts of wire fraud in violation of 18 U.S.C. § 1349, 1343. The charges allege that Mr. Hardcastle and his partner Andrew Adler owned and operated StarTop Investments which was one of the entities that raised funding for the now defunct technology start-up Bitwise Industries. It is alleged that Hardcastle and Adler made false representations to its investors.

Mr. Hardcastle appeared before Magistrate Erica P. Grosjean on February 4, 2025. Officers Ryan Beckwith and Brian Bedrosian were present to represent Pre-Trial Services. *Pre-Trial recommended Mr. Hardcastle's release on a personal recognizance bond.* (Transcript of

Detention Hearing, February 4, 2025, referred to as TH.) Mr. Hardcastle is 61 years old, has no criminal history, lived in California for almost all of his life, has been married for 30 years and has owned his home for 28 years. He has two daughters. Alexandra is studying for her PhD and Amanda has just completed college and is living at home. Most of his family live in Fresno. Other than having an ownership interest in a small investment Airbnb property in Costa Rica, which is currently for sale, and his daughter attending college in Canada, he has no ties to any foreign country or person.

      Following a detention hearing, Mr. Hardcastle was released on condition that he be subject to a curfew and GPS monitoring. Notably, although it initially sought detention, the government at one point in the detention hearing indicated that it would agree to release Hardcastle with a financially responsible signatory and the posting of a lien on his primary residence. (HT, p. 21). It was Mr. Hardcastle who, without fully understanding the meaning of an ankle bracelet and the addition of a curfew, elected to choose monitoring in lieu of posting property.

      As confirmed by Pre-Trial Services, Mr. Hardcastle has been fully compliant with all terms of his release for over four months. It is our understanding that *Pre-Trial will again recommend release on the least restrictive conditions* and will join in this application to remove conditions of monitoring and curfew.

      Hardcastle moves to modify the conditions of bail consistent with that of all other related defendants and co-conspirators. A list of proposed signatories has been provided to Pre-Trial Officer Frank Guerrero to interview and are similarly available to the government. Mr. Hardcastle will:

- Agree to a $250,000 personal recognizance bond.
- Said bond to be signed and guaranteed by the three individuals to be approved by the government and Pre-Trial.
- We propose Elizabeth Hardcastle, defendants mother, who has been a public-school teacher in Fresno County for over 40 years.
        625 N. Acacia, Reedley Calif.   (559)-696-9412

- We also propose as signatory, Pete Perez, defendant's longtime friend and former business partner who co-owned Amerisport, a sporting goods company, with defendant for close to 15 years.

    218 N. Kingswood Parkway, Reedley, Ca.  (559) 916-3613

- Laura Hardcastle, defendant's wife of 30 years

    618 E. Home Ave., Fresno, Ca.  (559) 916-3655

- Travel within the United States upon notification to Pre-Trial Services.

Said conditions of release mirror those imposed without objection of the government on related defendants and co-conspirators.

Jake Soberal and Irma Olguin, the founders of Bitwise, were released without monitoring or curfew.  Despite being sentenced to 11 and 9 years respectively, the government did not oppose continued release and voluntary surrender.

Andrew Adler, Mr. Hardcastle's alleged co-conspirator, was also released on his own recognizance without curfew or monitoring.  Having been sentenced to a term of 41 months, and without any opposition by the government, Adler has also remained free on the same bail conditions while awaiting his custodial designation and surrender.

All related defendants were released without curfews or electronic monitoring.

In an effort to avoid bringing this matter before the court, counsel for Mr. Hardcastle proposed to Mr. Barton the modifications referred to above. Mr. Barton advised that he will, nonetheless, oppose modification of Mr. Hardcastle's bail conditions.

At the initial detention hearing, Pre-Trial Officer Ryan Beckwith drew the Court's attention to the fact that the bail for the related defendants did not include conditions even after the individuals were sentenced and awaiting incarceration.  In response, the government sought to distinguish those cases by arguing that the related defendants "... came in and admitted their misconduct before ever being charged" adding "Mr. Hardcastle had that opportunity.  He didn't take the Government up on it." (TH, p. 14)

Legally and logically, those who plead guilty, been sentenced or await incarceration do not deserve more favorable terms of release than the defendant who enters a plea of not guilty.

Moreover, the government failed to disclose that Mr. Hardcastle and counsel voluntarily met for a proffer in 2023. Knowing that Mr. Hardcastle was represented by counsel, Jeffrey Hammerschmidt, the government never asked counsel to surrender his client. This is troubling in that Mr. Hammerschmidt was in communication with the government, on other matters, just four days before agents were dispatched to arrest Hardcastle. Simple courtesy would have ensured that Hardcastle would appear voluntarily. Instead, the government chose to arrest Mr. Hardcastle and then, inexplicably and without justification, sought pre-trial detention.

Mr. Hardcastle has pled not guilty and should be released on his own recognizance. He will consent to a personal recognizance bond of $250,000, or any other reasonable amount, to be signed by Mr. Hardcastle and three financially secure signers to guarantee said bond.

## PROCEDURAL HISTORY

David Hardcastle was arrested in the Eastern District of California on February 3, 2025, and released to bail on February 4, 2025. Unlike all other related co-conspirators, even those now awaiting surrender and service of a custodial term, only Hardcastle is subject to GPS monitoring and a curfew from 6 a.m. to 9 p.m. and restricted to travel within the Eastern District.

Hardcastle has entered a plea of not guilty.

Hardcastle is a defendant in a related civil case and an SEC administrative action. Hardcastle has been questioned, deposed and testified under oath numerous times in these actions. He has also voluntarily produced tens of thousands of documents and has spent hundreds of thousands of dollars on legal fees. Both actions are ongoing.

Mr. Hardcastle has abided by all conditions of release for over 4 months.

Hardcastle now requests that he be released from GPS monitoring and any curfew.

## LEGAL AUTHORITY

The release of a criminal defendant is governed by the Bail Reform Act as set forth in 18 U.S.C. §3142. While certain crimes create a presumption of detention, the charges facing Mr. Hardcastle do not. As per the statute, Mr. Hardcastle is entitled to release on a personal

recognizance bond and ***said release is to be granted upon the least restrictions*** that can ensure both his presence at all court proceedings and protect the community from danger.

Herein, the release of Mr. Hardcastle by Honorable Magistrate Judge P. Grosjean included a condition of GPS monitoring over the recommendation of Pre-Trial Services. It is among the most restrictive manners of release and one of last resort usually imposed upon defendants charged with violence or sex related crimes. It is neither warranted nor consistent with the Bail Reform Act.

## ARGUMENT

Both in law and fact, Mr. Hardcastle should be released on bail with the least restrictive conditions that address the issues of flight and danger.

Counsel seeks the same bail conditions as were set for all related defendants. Mr. Hardcastle and three financially responsible guarantors will co-sign a $250,000 a personal recognizance bond. *GPS monitoring and curfew shall be removed from his conditions.* Mr. Hardcastle will agree to restrict travel to the United States and then only after notifying Pre-Trial.

Pre-Trial Services recommended unconditional release. Mr. Hardcastle has no prior convictions, mental health issues, or substance abuse concerns. Pre-Trial reported that the defendant has strong community ties and has owned his home for decades. (Hearing Transcript, p. 13)

When asked by the court if access to funds would change the Pre-Trial's recommendation, Officer Berkwith responded:

> "…would he abandon his family at this point of his life?... I don't see – I think we can reasonably be assured that someone in his position would appear in court"
> (Transcript, p. 13-14)'

In opposition, the government argued that Mr. Hardcastle had failed to report his business real estate holdings to Pre-Trial. In response, Office Beckwith clarified that his interview with Mr. Hardcastle had been brief and that he was only asked to identify "what property could be used for bail purposes".

It is important to note that the current criminal case arises out of a civil lawsuit and most of the government's discovery was voluntarily produced by Mr. Hardcastle in that case. This includes all the real estate holdings that the government initially claimed were not disclosed to Pre-Trial Services.

In making its recommendation, Pre-Trial highlighted the bail conditions of the related Bitwise Defendants.

In response, the government argued that those defendants "... came in and admitted their misconduct before ever being charged' adding "Mr. Hardcastle had that opportunity. He didn't take the Government up on it." (TH, p. 14)

That conclusion is neither factually nor legally sound. The government has continued bail for three related defendants who have been sentenced and are awaiting surrender to the custody of Bureau of Prisons. Yet it continues to resist bail modifications for Mr. Hardcastle who has entered a plea of not guilty.

In addition to contesting the present criminal charges, Mr. Hardcastle is litigating civil claims that give rise in part to this case. ***In every possible way, Hardcastle has voluntarily participated in the legal process.*** He has given depositions, sworn hearing and trial testimony, and produced thousands of documents. He has spent close to a million in legal fees. He has agreed to toll deadlines for the SEC four times. He has also ***given trial testimony after being charged in this case.*** None of these actions suggest that Mr. Hardcastle is likely to flee and, of course, it is the government's burden to prove otherwise.

Mr. Hardcastle is currently represented by civil counsel. Both have written letters which have been offered to the government for its review. Both unconditionally offer their respective personal belief that Mr. Hardcastle will submit to the legal process. Both are available telephonically should this Court have questions.

Neil R. Lapinski, Esq., represents Startup Investments, of which David Hardcastle is a principal, in the matter of *NICbyte, LLC, et al. v. StarTop Investments*. The facts in that case form the basis of the instant criminal charges and much of the government's discovery comes from documents, depositions and trial testimony provided by Mr. Hardcastle. **Not only has Mr.**

**Hardcastle cooperated fully but *he gave trial testimony after having been charged in the present case.*** Those are the actions of a criminal defendant committed to fully litigating his case. (Lapinski letter of May 20, 2025, provided to the government).

Joseph Sacher, Esq., represents Mr. Hardcastle in the administrative SEC action. With Mr. Hardcastle's consent, he has agreed to four separate requests to toll statute of limitations. Sacher relates that Hardcastle voluntarily provided two sessions, two days each, of sworn testimony and ***never failed to cooperate even after being arrested and charged.*** As per Mr. Sacher, had Mr. Sacher considered absconding from authorities, "he would have done so long ago". (Sacher letter of June 8, 2025, provided to the government). Instead, Mr. Hardcastle has resigned from the management of the real estate fund under investigation.

All related co-conspirators who admitted guilty were granted bail without opposition by the government. That bail has continued even after those individuals were sentenced to terms of incarceration.

It is only Hardcastle who assets his innocence for whom the government has argued against bail.

## CONCLUSION

David Hardcastle has no prior criminal history. He is 61 years of age. He has lived in Fresno for decades. He has participated for over a year in the civil action underlying this case and the related SEC administrative investigation. He has incurred close to a million dollars in legal fees, produced thousands of documents, *been deposed under oath multiple times* and *testified in a civil trial* now awaiting a verdict. He *voluntarily met and proffered* to the government. He has *never failed to comply* and when charged, Hardcastle was fully willing to voluntarily surrender.

The government has the legal burden of showing both risk of flight and danger to community in seeking to deny bail or the restrict the conditions of same.

It has been almost two years since Mr. Hardcastle met for a government proffer and at all times, he remained willing to voluntarily surrender.

It has been over four months since his release and Mr. Hardcastle has fully cooperated with the terms of his release.

**We are requesting that bail be modified and that GPS monitoring and curfew be replaced by a personal recognizance bond guaranteed by three financially secure co-signers.** Pre-Trial Services continues to not oppose this request.

Dated:  June 24, 2025                                        Respectfully submitted,


                                                             /s/ Jeffrey T. Hammerschmidt
                                                             JEFFREY T. HAMMERSCHMIDT