# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:25-cr-00016-JLT-SKO-1 |
| Plaintiff, | ORDER DENYING SECOND STIPULATION TO MODIFY BAIL CONDITIONS |
| v. | |
| DAVID HARDCASTLE, | (ECF No. 56) |
| Defendant. | |

On March 30, 2026, the Government and Defendant filed a stipulation for modification of bail conditions. (ECF No. 54.) That same day, the Court "denie[d] without prejudice the stipulation of the parties until the parties file consistent to Fed. R. Crim. P. 46(e) an affidavit to justify that the sureties are qualified." (ECF No. 55.) On April 2, 2026, the parties renewed their stipulation and included an affidavit from Valerie S. Amsterdam, co-counsel for Defendant. Unfortunately, this is not what Rule 46(e) requires.

Rule 46(e) provides:

> Surety. The court must not approve a bond unless any surety appears to be qualified. *Every surety*, except a legally approved corporate surety, *must demonstrate by affidavit* that its assets are adequate. The court may require the affidavit to describe the following:
>
> (1) the property that the surety proposes to use as security;
>
> (2) any encumbrance on that property;

> (3) the number and amount of any other undischarged bonds and bail undertakings the surety has issued; and

> (4) any other liability of the surety.

Fed. R. Crim. P. 46(e) (emphasis added).

Thus, the plain language of the Rule requires that the *surety* in this matter must file an affidavit, *not* co-counsel for Defendant. Accordingly, the Court will again deny the stipulation without prejudice. The Court trusts that its reasoning is now crystal clear and expects the parties to abide by the requirements of Rule 46(e) should a subsequent stipulation be filed.[1] Mere consent of the Government is one aspect of the analysis, but is not dispositive. The Court has an independent duty under the law to ensure compliance with the Rules, even when the Government does not wish to ensure such compliance.[2]

In addition, the Court observes that the affidavit filed on April 2, 2026, contains multiple violations of Federal Rule of Criminal Procedure 49.1, which governs privacy protection for filings made with the Court. Given that the parties apparently did not read the last rule the Court directed them to, the Court will quote the relevant portion of Rule 49.1 in an effort to quell any future violation.

Absent certain exemptions, Rule 49.1 provides:

> Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:

> (1) the last four digits of the social-security number and taxpayer-identification number;

> (2) the year of the individual's birth;

> (3) the minor's initials;

---

[1] In most cases, the surety information is initially provided to the Court and the parties through the Pretrial Services Report (which is the proffer of eligibility) and then eventually effectuated through the surety's affidavit in compliance with Rule46(e), filed with the release order. This footnote is offered should there be a counterargument that "We have never had to do this before."

[2] These aspects are important as if forfeiture is sought a defense may be that the Court did not initially comply with Ruel 46(e). See Fed.R.Crim.P. 46(f)(2)(B). A further argument could be had that since the government is not paying attention to this rule that the personal surety itself is unnecessary.

(4) the last four digits of the financial-account number; and

(5) the city and state of the home address.

Fed. R. Crim. P. 49.1.

The Court believes that the language in this Rule is clear and requires no further explanation.

In sum, the Court DENIES the stipulation to modify bail conditions WITHOUT PREJUDICE.  (ECF No. 56.)  The Court DIRECTS that any forthcoming stipulation from the parties MUST COMPLY with Federal Rules of Criminal Procedure 46(e) and 49.1.

IT IS SO ORDERED.

Dated:   __**April 2, 2026**__                    _____

STANLEY A. BOONE
United States Magistrate Judge